## Trilling & Montague v. Keystone Furniture Co., Inc.

*Geisenberger & Geisenberger*, for rule; *F. Lyman Windolph*, contra.

LANDIS, P. J., Jan. 19, 1929.—The action in this case is based on a trade acceptance drawn by the plaintiffs on Jan. 16, 1928, and on the same day accepted by the defendant. It was made payable on April 20, 1928. On that day, it was presented for payment at the place where it was made payable, but payment was refused. It is alleged that it was given for one Zenith radio set, with a set of tubes for same, purchased by the defendant from the plaintiffs on Nov. 9, 1927; that the price of the set was $172.25, but when the invoice was past due, the defendant tendered the trade acceptance in full payment of the bill.

The defendant filed an affidavit of defense and a supplemental affidavit. In the affidavit of defense it was alleged that the Zenith radio set was sold under an express warranty that it would give satisfactory results in every respect, and that shortly after April 20, 1928, the defendant notified the plaintiffs that the set was not satisfactory and returned it to the plaintiffs. The supplemental affidavit of defense averred that, prior to Nov. 9, 1927, the plaintiffs requested permission from Miles F. Goodman to demonstrate a Zenith radio, which they were trying to introduce; that the set was placed in Mr. Goodman's home, and it was then stated that, if it was purchased, the plaintiffs would warrant it to give satisfaction in every respect; that it was tried by Mr. Goodman, and, proving unsatisfactory, under instructions from the plaintiffs, it was stored in the storeroom of the Keystone Furniture Company, there to remain until after the Christmas rush; that while there, a customer purchased it under the same warranty, and the plaintiffs were duly notified of the sale; that it did not give satisfactory results, whereupon the plaintiffs, on Jan. 18, 1928, agreed to replace the chassis with a new one and with a

similar warranty; that, in consideration of this promise, the defendant executed the trade acceptance; that the plaintiffs did replace the chassis with a different one, but the radio did not even then give satisfactory results, and on April 20, 1928, the plaintiffs were so notified and the set was returned to them.

I am of the opinion that, under the facts alleged by the defendant, the case should go to a jury. If the radio set was returned, and presumably was accepted by the plaintiffs, they cannot maintain this action for its price. If it was sold under an express warranty that it was to prove satisfactory, the purchase price cannot be recovered if it proved unsatisfactory, and this is what is alleged in the affidavit of defense. In Pictorial Review v. Blakeman, 40 Lanc. Law Rev. 552, 10 D. & C. 80, this court held that where it was averred that the goods purchased were returned and received by the plaintiff, a question of fact is raised to be passed upon by a jury. It must be remembered that here the controversy is between the original parties and the rights of third parties are not at issue. Especially is this so, as the radio set was, under the allegations set forth, returned in a reasonable time.

The rule for judgment for want of a sufficient affidavit of defense is, therefore, discharged. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.